# United States District Court
## Middle District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| JAMIE DUANE THOMAS | Case Number: 1:16-CR-00297-1 |
| | USM Number: 33574-057 |
| | Duane Kenneth Bryant |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count 1.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2251(a) and (e) | Production of Child Pornography | 10/03/2015 | 1 |

    The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Counts 2 and 3 are dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

May 24, 2017
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judge

William L. Osteen, Jr., Chief United States District Judge
Name & Title of Judge

6-28-2017
Date

DEFENDANT: JAMIE DUANE THOMAS
CASE NUMBER: 1:16-CR-00297-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **240 months.**

☒ The court makes the following recommendations to the Bureau of Prisons: That the defendant be designated to a facility where he may participate in sex offender specific treatment and, to the extent it does not conflict with that, the defendant be designated to a facility as close to his home in Salisbury, North Carolina, as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JAMIE DUANE THOMAS
CASE NUMBER: 1:16-CR-00297-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **15 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any I conditions on the attached page.

DEFENDANT: JAMIE DUANE THOMAS
CASE NUMBER: 1:16-CR-00297-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date_____

DEFENDANT: JAMIE DUANE THOMAS
CASE NUMBER: 1:16-CR-00297-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide any requested financial information to the probation officer.

The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient or residential treatment, and pay for those treatment services, as directed by the probation officer. During the course of any treatment, the defendant shall abstain from the use of any alcoholic beverages.

The defendant shall participate in an evaluation and a mental health program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer. Treatment may include physiological testing, such as the polygraph and penile plethysmograph, and the use of prescribed medications.

The defendant shall not possess or use a computer or any other means to access any on-line computer service at any location including employment without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

If granted access to an on-line computer service, the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer(s). This may also include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

The defendant shall not have any contact, other than incidental contact in a public forum, such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18 without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child, that is a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours with the exception of supervised release visits with his children.

The defendant shall not frequent places where children congregate, that is, parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

The defendant shall not view, purchase, possess, or control any sexually explicit materials, as defined in 18 U.S.C. § 2256, including but not limited to, pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

The defendant shall submit to search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

The defendant shall support his dependents, and/or comply with any order to make child support payments or to make payments to support a person caring for a child.

DEFENDANT: JAMIE DUANE THOMAS
CASE NUMBER: 1:16-CR-00297-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $100.00 | | $.00 | $.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived pursuant to 18 U.S.C. Section 3612(f)(3) for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JAMIE DUANE THOMAS
CASE NUMBER: 1:16-CR-00297-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 100.00 due immediately, balance due
    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: **The attached Final Order of Forfeiture filed in this Court on 03/02/2017, consistent with the Preliminary Order of Forfeiture filed in this Court on December 16, 2016, shall be incorporated in this Judgment.**

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:16CR297-1 |
| | : | |
| JAMIE DUANE THOMAS | : | |

**FINAL ORDER OF FORFEITURE**

**WHEREAS**, on December 16, 2016, this court entered a Preliminary Order of Forfeiture, ordering Defendant to forfeit to the United States all right, title and interest in and to all visual depictions described in Title 18, United States Code, Section 2252A, any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of the United States Code, and all property, real or personal, used or intended to be used to commit or promote the commission of the offense. The property to be forfeited includes but is not limited to the following:

   a.   One 32GB PNY thumb drive;

   b.   One 32GB SanDisk micro SD card; and

   c.   One ZTE Android cellphone with a 32GB micro SD card.

**WHEREAS**, the United States caused to be published on an official government internet forfeiture site, notice of this forfeiture and of the intent of the United States to dispose of

the property in accordance with the law and as specified in the Preliminary Order, and further notifying all third parties of their right to petition the court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property; and

**WHEREAS,** no timely claim has been filed; and

**WHEREAS,** the court finds that Defendant had an interest in the property that is subject to forfeiture pursuant to Title 18, United States Code, Section 2253, and Defendant consented to forfeiture of said property as a part of his Plea Agreement.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that all visual depictions described in Title 18, United States Code, Section 2252A, any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of the United States Code, and any property, real or personal, used or intended to be used to commit or promote the commission of the offenses are hereby forfeited to the United States of America pursuant to Title 18, United States Code, Section 2253(a). The property forfeited includes but is not limited to the following:

    a. One 32GB PNY thumb drive;

    b. One 32GB SanDisk micro SD card; and

- 2 -

Case 1:16-cr-00297-WO   Document 18   Filed 03/02/17   Page 2 of 3
Case 1:16-cr-00297-WO   Document 26   Filed 06/28/17   Page 9 of 13

c. One ZTE Android cellphone with a 32GB micro SD card.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all right, title and interest to the property described above is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward two (2) certified copies of this Order to the United States Attorney's Office, Middle District of North Carolina, Attention: Assistant U.S. Attorney Lynne P. Klauer.

This the 2nd day of March, 2017.

_William L. Osteen, Jr._
United States District Judge

- 3 -

Case 1:16-cr-00297-WO   Document 18   Filed 03/02/17   Page 3 of 3
Case 1:16-cr-00297-WO   Document 26   Filed 06/28/17   Page 10 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : 1:16CR297-1 |
| JAMIE DUANE THOMAS | : |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on August 30, 2016, a federal grand jury sitting in the Middle District of North Carolina returned an Indictment against Defendant JAMIE DUANE THOMAS, charging him in Count One with a violation of Title 18, United States Code, Section 2251(a) and (e), production of child pornography; and which in Counts Two and Three charged him with a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), possession of child pornography involving a minor under the age of 12;

AND WHEREAS, the United States Attorney included in the Indictment forfeiture allegations, pursuant to Title 18, United States Code, Section 2253;

AND WHEREAS, Defendant pled guilty to Count One of the Indictment and consented to the forfeiture allegations therein on December 5, 2016, and the court accepted the plea;

AND WHEREAS, the court finds that Defendant's interest in and to the property described in the forfeiture allegation in the Indictment is subject to forfeiture, and that the requisite nexus

exists between the property to be forfeited and the offense to which Defendant has pled guilty.

Accordingly, **IT IS HEREBY ORDERED** that:

1. As a result of the guilty plea to Count One of the Indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 2253, and based on the Plea Agreement and other matters of record in this case, Defendant shall forfeit to the United States all visual depictions described in Title 18, United States Code, Section 2252A, any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of the United States Code, and all property, real or personal, used or intended to be used to commit or promote the commission of the offense alleged. The property to be forfeited includes but is not limited to the following:

   a. One 32GB PNY thumb drive;

   b. One 32GB SanDisk micro SD card; and

   c. One ZTE Android cellphone with a 32GB micro SD card.

2. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

- 2 -

Case 1:16-cr-00297-WO   Document 14   Filed 12/16/16   Page 2 of 3
Case 1:16-cr-00297-WO   Document 26   Filed 06/28/17   Page 12 of 13

3. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

5. **Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.**

6. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

7. The Clerk of the Court shall forward two certified copies of this Order to Assistant U.S. Attorney Lynne P. Klauer, U.S. Attorney's Office, Middle District North Carolina.

This the 16th day of December, 2016.

*William L. Osteen, Jr.*
United States District Judge

- 3 -

Case 1:16-cr-00297-WO   Document 14   Filed 12/16/16   Page 3 of 3
Case 1:16-cr-00297-WO   Document 26   Filed 06/28/17   Page 13 of 13