IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMIE DUANE THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CR297 |
| | ) | 1:23CV188 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per then-Chief United States District Judge William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 240 months, as a result of his guilty plea to Count One of his Indictment, which charged him with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). (See Docket Entry 26 at 1-2; see also Docket Entry 1 (Indictment); Docket Entry 11 (Factual Basis); Docket Entry 12 (Plea Agt.); Minute Entry dated Dec. 5, 2016 (documenting guilty plea); Docket Entry 32 (Sent'g Hrg. Tr.).)[1] Petitioner appealed (see Docket Entry 28), but the United States Court of Appeals for the Fourth Circuit affirmed the Judgment on April 9, 2018, see United States v. Thomas, 729 F. App'x 246 (4th

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

Cir. 2018). Petitioner did not seek certiorari review by the United States Supreme Court. (See Docket Entry 47 at 2.)[2]

Over four years later, on May 9, 2022, the Clerk docketed an unsigned document entitled "Petitioner's Motion Requesting a Downward Variance in Light of his Postsentencing Conduct pursuant [to] 18 U.S.C.[] §3661" (Docket Entry 39 ("Section 3661 Motion") at 1 (all-caps font omitted)), dated April 4, 2022 (see id. at 4). The undersigned Magistrate Judge "recommended that th[e Section 3661 Motion] be filed and dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper [28 U.S.C.] § 2255 forms." (Docket Entry 40 at 3 (all-caps font and italics omitted); see also id. at 1-2 ("The statute cited by Petitioner allow[ed] the [C]ourt to consider all information for the purpose of imposing a sentence. However, that statute only applie[d] when the Court [] actually impos[ed] a sentence . . . . [B]ecause Petitioner seeks to attack the conviction or sentence he received in this Court, the Court treated his filing for administrative purposes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, the [Section 3661] Motion cannot be further processed . . . . [It] is not on the proper § 2255 form. . . . [T]he Clerk is instructed to

---

[2] Pin cites to this document refer to the page numbers that appear in the footer appended at the time of docketing in the CM/ECF system (not to any original pagination).

2

send Petitioner § 2255 forms and instructions.").)[3]  Without objection from Petitioner, the Court (per Judge Osteen) "adopted" that recommendation (on January 27, 2023).  (Docket Entry 45 at 1; see also id. (dismissing Section 3661 Motion without prejudice).)

In the interim, on January 20, 2023, the Clerk docketed a letter Petitioner sent to the Federal Public Defender's Office in Greensboro, North Carolina, dated January 5, 2023 (see Docket Entry 42 ("Letter Motion") at 1), "requesting [that office's] help to present a motion to [this C]ourt that would allow [his] case to be reversed" (id.; see also id. (describing "[Petitioner's c]ase [a]s identical to" United States v. McCoy, 55 F.4th 658 (8th Cir. 2022), vacated, No. 21-3895, 2023 WL 2440852 (8th Cir. Mar. 10, 2023) (unpublished))).  The undersigned Magistrate Judge "recommended that th[e Letter Motion] be filed and dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper [28 U.S.C.] § 2255 forms."  (Docket Entry 43 at 2 (all-caps font and italics omitted); see also id. at 1 ("Petitioner seeks to attack the conviction or sentence he received in this Court.  The proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  For this reason, the Court will construe the [Letter Motion] as such a

---

[3] That recommendation emphasized that, "[t]o the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner."  (Docket Entry 40 at 2 n.1.)

3

motion.  However, the [Letter] Motion cannot be further processed . . . .  [I]t is not on the proper § 2255 form." (parenthetical citation omitted)), 2 ("[T]he Clerk is instructed to send Petitioner § 2255 forms and instructions.").)  That recommendation expressly noted that, "[t]o the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner." (Docket Entry 43 at 2 n.1.)  Again, without objection from Petitioner, the Court (per Judge Osteen) "adopted" that recommendation (on May 25, 2023).  (Docket Entry 51 at 1; see also id. (dismissing Letter Motion without prejudice).)

Prior to the Court's adoption of the recommended dismissal of the Letter Motion, Petitioner filed a "Motion for a 15 Day Extension of Time" (Docket Entry 46 ("Objection Extension Motion") at 1 (all-caps font omitted); see also id. (bearing docket stamp dated February 6, 2023, and submission date of February 1, 2023)), "requesting a 15-day extension of time to file any objections to th[at recommendation]" (id. (emphasis added)).  The Court (per the undersigned Magistrate Judge) "grant[ed the Objection Extension] Motion" (Text Order dated Feb. 10, 2023), mandating that "[Petitioner] shall file any objections to [that r]ecommendation by 02/27/2023" (id. (emphasis added)).  However, as previously documented, Petitioner never filed any such objections.  (See Docket Entry 51 at 1 ("No objections were filed within the time

4

limits prescribed . . . .")); see also Docket Entries dated Feb. 10, 2023, to present (reflecting no objections).)

Rather, on February 27, 2023, the Clerk docketed a Motion to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), which Petitioner "declare[d] . . . under penalty of perjury . . . [he] placed in the prison mailing system on February 23, 2023." (Docket Entry 47 at 12.) The Section 2255 Motion presents these two grounds for relief:

1) "[Petitioner] claims that his conduct does not constitute a violation of 18 USC §2251(a)" (id. at 4 ("Ground One") (internal ellipsis omitted); see also id. at 14 (citing Eighth Circuit's since-vacated decision in McCoy as support for Ground One)); and

2) "[Petitioner] will show that his attorney at the [d]sitrict and appellate level was ineffective" (id. at 5; see also id. ("Based on what's stated in [G]round [O]ne it is self-evident that [d]efense [c]ounsel never studied the charging statute.")).

The United States has "move[d] to dismiss the [Section 2255] Motion . . . on the ground that [it] is barred by the one-year limitation period set forth in 28 U.S.C. § 2255(f)." (Docket Entry 49 at 1.) The cited provision does state that "[a] 1-year period of limitation shall apply to a motion under [ S]ection [2255]." 28 U.S.C. § 2255(f). Furthermore:

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

5

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for seeking relief under Section 2255 commenced no later than on or about July 8, 2018, i.e., his deadline for seeking certiorari review in the Supreme Court, which fell 90 days after the Fourth Circuit affirmed his Judgment on April 9, 2018 (as documented above). See Clay v. United States, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. R. 13(1) & (3). The one-year limitation period then expired on or about July 8, 2019, more than three and a half years before Petitioner submitted his Section 2255 Motion to prison officials for mailing on February 23, 2023 (again, as documented above). Moreover, even if the Court treated the Section 3661 Motion's date of April 4, 2022, or the Letter Motion's date of January 5, 2023, as the operative filing date under Section 2255(f), Petitioner still would have missed his filing deadline under Section 2255(f)(1) by more than two and a half years or nearly three and a half years, respectively.

6

"Because Petitioner filed [the Section 2255] Motion after the statute of limitations [under Paragraph (1) of Subsection 2255(f)] had run, the Court [should] find[] that his [Section 2255 M]otion is untimely unless Petitioner [has] satisf[ied] his burden of demonstrating that either another provision of § 2255(f) or equitable tolling should be applied to his case." Gaddy v. United States, Nos. 3:08CR50, 3:11CV49, 2011 WL 7021140, at *4 (N.D.W. Va. Dec. 15, 2011) (unpublished), recommendation adopted, 2012 WL 112638 (N.D.W. Va. Jan. 12, 2012) (unpublished), appeal dismissed, 473 F. App'x 281 (4th Cir. 2012); see also Holland v. Florida, 560 U.S. 631, 649 (2010) (holding, in habeas context, that equitable tolling requires proof of two preconditions: "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted)). Neither the Section 2255 Motion nor Petitioner's Response to the Dismissal Motion contends that Paragraphs (2) through (4) of Subsection 2255(f) apply or that any basis for equitable tolling arose between the dates when (A) his conviction because final under Paragraph (1) of Subsection 2255(f) (i.e., July 8, 2018), and (B) the one-year limitation period ended (i.e., July 8, 2019). (See Docket Entry 47 at 11; Docket Entry 52 at 1-3.)

Instead, in the portion of the form Petitioner used for the Section 2255 Motion entitled "Timeliness of Motion" (Docket Entry

7

47 at 11 (all-caps font omitted)), which instructs petitioners that, "[i]f [their] judgment of conviction became final over one year ago, [they] must explain why the one-year statute of limitations as contained in [Section] 2255 does not bar [their] motion" (id.; see also id. at 11 n.* (setting out Section 2255(f)'s full text)), Petitioner wrote: "The Court granted an extension to file until 2/27/23 (See Exhibits 2 & 3)." (Id. at 11; see also id. at 25 (attaching Docket Entry 44 (notice from Clerk advising Petitioner of initial deadline to file objections to recommended dismissal of Letter Motion and of consequences for failing to object), as "Exhibit 2"), 26-27 (attaching Docket Entry 43 (recommendation of dismissal of Letter Motion), as "Exhibit 3").) Petitioner's Response to the Dismissal Motion, in turn, appears to argue that the Court should deem the Section 2255 Motion timely because the recommendation of dismissal of the Letter Motion included a directive to the Clerk "that the correct [Section 2255] forms [should] be sent [to Petitioner]" (Docket Entry 52 at 2), without any objection by the United States (see id.), and he then "used the correct forms and filed [the Section 2255 M]otion" (id.).

The record (as detailed above) conclusively refutes any suggestion that the Court ever purported to (retroactively) extend Subsection 2255(f)'s one-year limitation period for Petitioner to file a motion under Section 2255. The Court's provision of proper Section 2255 forms to Petitioner likewise did not manifest any

8

intent to work a (retroactive) extension of that statute of limitation. Indeed, the Court lacks any such authority. See, e.g., Gallimore v. United States, Nos. 1:09CR116, 1:17CV95, 2017 WL 9481007, at *1 (M.D.N.C. Mar. 14, 2017) (unpublished) (Peake, M.J.) ("The Court cannot simply toll or extend the statute of limitations." (citing Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001))), recommendation adopted, 2017 WL 9481008 (M.D.N.C. May 12, 2017) (unpublished) (Tilley, S.J.).

In any event – even if the Court's actions in those respects somehow constituted extraordinary circumstances (which they do not) – "because [Petitioner] has failed to provide details about any efforts he undertook to pursue his rights to file a § 2255 petition throughout the [initial] three[-plus] years since his conviction became final, equitable tolling is plainly unwarranted." United States v. Davis, No. 17CR196-2, 2023 WL 2564335, at *4 (E.D. Va. Mar. 16, 2023) (unpublished) (internal citation omitted). Accordingly, "[the Section] 2255 [M]otion is untimely, and [the Dismissal M]otion . . . should be granted." Featherson v. United States, Nos. 1:07CR27, 1:11CV111, 2011 WL 3568127, at *2 (M.D.N.C. Aug. 15, 2011) (unpublished) (Dixon, M.J.), recommendation adopted, slip op. (M.D.N.C. Sept. 15, 2011) (Beaty, C.J.).

**IT IS THEREFORE RECOMMENDED** that the Dismissal Motion (Docket Entry 49) be granted and that the Section 2255 Motion (Docket Entry

9

47) be dismissed as untimely, all without issuance of a certificate of appealability.

/s/L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

March 15, 2024